**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Briseida Escobar,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Brian N Chase,<br><br>　　　　　　Defendant. | No. CV-24-00691-PHX-DJH<br><br>**ORDER** |

*Pro se* Plaintiff Briseida Escobar ("Plaintiff") has filed a "Complaint and Request for Injunction" and asserts many federal claims against Defendant Brian N. Chase ("Defendant"), the biological father of her son. (Doc. 1). Plaintiff essentially seeks to enjoin any mandate to return to the state of California, although no such mandate has yet to issue. (*Id*. at 7–10). Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) and a "Request for Ex Parte Hearing." (Doc. 4). The Court finds that it should abstain from hearing this case as it involves an ongoing state court proceeding and will therefore dismiss Plaintiff's Application and Complaint and deny her request for a hearing. (Docs. 1; 3; 4).

**I.    Background**

In November of 2023, the California Superior Court for the County of Kings awarded primary custody of the parties' son to Plaintiff and gave Defendant visitation privileges ("the November Order"). (Doc. 1 at 11–13). Defendant is allowed to visit his son on Thursdays after school until Friday at 6:00 pm. (*Id*. at 12). As Plaintiff points out,

the Order does not enforce any type of travel restrictions on her as the custodial parent. (*Id.*)

Plaintiff moved to Arizona after the November Order was issued to pursue greater financial opportunities. (*Id.* at 8). Prior to her move to Arizona, Plaintiff filed a "Request for Order" in February of 2024 seeking to modify the parties' custody arrangement. (*Id.* at 14–17). Plaintiff asked the Superior Court to terminate Defendants weekly visits and instead get summers and holiday breaks with their son. (*Id.* at 17). It appears that the Superior Court scheduled a hearing on this request for March 28, 2024; but any results of this hearing are not pled in Plaintiff's Complaint or attached as an exhibit and are unknown to the Court. (*Id.* at 14). On March 29, the day after this hearing was supposed to be held in California Superior Court, Plaintiff filed her Complaint and Request for Injunction in this Court. (*Id.* at 1). Plaintiff asserts that Defendant is forcing her to return to California. (*Id.* at 7). Plaintiff states that "Respondent ordered [her] to return to the State of California" and that "respondent violated [her] due process by finding [her] in contempt without a proper evidentiary hearing." (*Id.* at 8–9). Plaintiff does not allege any action by the California Superior Court. (*Id.* at 7–9).

**II.     Discussion**

Plaintiff alleges causes of action under the First Amendment, Fourth Amendment, Ninth Amendment, *United States v. Lee*, 106 U.S. 196 (1882), 18 U.S.C. § 1201 (the federal kidnapping statute), *Hagans v. Lavine*, 415 U.S. 528 (1974), and 5 U.S.C. § 556 (a statute related to administrative hearings).[1] (Doc. 1 at 3). In doing so, Plaintiff asks the Court to interfere with an ongoing state court proceeding, which the Court cannot do for the reasons explained below. *See Younger v. Harris*, 401 U.S. 37 (1971).

---

[1] The Court notes that, even if it were to screen Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), she does not state a cognizable claim for relief on the face of her complaint as none of her alleged claims create a private right of action against a private citizen. *See George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.1996) ("Individuals bringing actions against private parties for infringement of their constitutional rights [] must show that the private parties' infringement somehow constitutes state action"); *see also Johnson v. Westermeyer*, 2014 WL 2807667, at * 8 (D. Or. June 19, 2014) ("A private citizen does not have the power to instigate prosecutions of alleged crimes.").

### A.     Abstention

*Younger* abstention "espouses a 'strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Kincaid v. Cnty. of Los Angeles*, 2023 WL 4681603, at *6 (C.D. Cal. June 6, 2023) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Abstention is appropriate in civil cases only when the state court proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). "If these four threshold elements are established, [federal courts] then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Rynearson v. Ferguson*, 903 F.3d 920, 924–25 (9th Cir. 2018) (quoting *ReadyLink* 754 F.3d at 759).

Where these factors are met, *Younger* provides an exception to this Court's typical obligation to exercise jurisdiction where it exists. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). However, a federal court should not abstain from hearing a case "simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The Court may also raise the abstention doctrine *sua sponte*. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention analysis is conducted "in light of the facts and circumstances existing at the time the federal action was filed." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 890 n.6 (9th Cir. 2011).

All five elements to abstain under *Younger* are met here, therefore, the Court will not hear this case.

### 1.     Ongoing Proceeding

State proceedings are ongoing if they are initiated "before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S.

332, 349, (1975); *see also Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (noting that the question is not whether the state proceedings are still ongoing, but whether they were underway before initiation of the federal proceedings). This element is readily met here because Plaintiff filed a "Request for Order" in California Superior Court on February 22, 2024—before she filed her Complaint in this Court, and the request appears to not have been ruled on yet. (*See* Doc. 3). It is also met because, in California, "*all* questions of custody of minor children involved in a dissolution of marriage are ongoing until the children reach 18." *Young v. Schwarzenegger*, 2011 WL 175906, at *3 (N.D. Cal. Jan. 18, 2011) (citing Cal. Fam. Code §§ 3010–3022).

### 2. The State's Interest in Enforcing the Orders and Judgments of its Courts

While family law is an area of law traditionally reserved for state courts, abstention is not warranted "simply because states have an undeniable interest in family law." *Cook*, 879 F.3d at 1040. However, this element is met as this case "involve[s] [the] state's interest in enforcing the orders and judgments of its courts." *Id*. "[T]his standard is geared to ensuring that federal courts do not interfere in the procedures by which states administer their judicial system and ensure compliance with their judgments." *Rynearson*, 903 F.3d at 926. "[A] state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotation marks and citations omitted).

This case involves California's interest in enforcing the orders and judgments of its courts. The California Superior Court determined a custody arrangement (Doc. 1 at 11–13), and any modification of this order would involve the state's interest. *See Moore v. Simms*, 442 U.S. 415, 435 (1979) ("family relations are a traditional area of state concern."); *see also Young v. Schwarzenegger*, 2011 WL 175906, at *3 ("Child custody proceedings implicate the important, indeed compelling, state interest in protecting the welfare and best interests of children involved in custody disputes") (citing *Zoe v. Family*

- 4 -

*Court Servs. of Alameda County*, 1998 WL 292036, at *3 (N.D. Cal. March 26, 1998)). Thus, this element is met.

### 3.     Important State Interest

This element is also readily met. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *United States v. Windsor*, 570 U.S. 744, 767 (2013) (internal citations omitted). "When family law is at issue, federal courts have held abstention is 'particularly appropriate.'" *Force v. Brazeau*, 2024 WL 126094, at *2 (D. Ariz. Jan. 11, 2024) (internal citations omitted). *Cook* dictates that "the law of domestic relations often has constitutional dimensions properly resolved by federal courts," therefore, federal courts "must enforce the mandated constraints on abstention so that such constitutional rights may be vindicated." *Cook*, 879 F.3d at 1040 (citing *Obergefell v. Hodges*, ––– U.S. ––––, 135 S. Ct. 2584 (2015); *Loving v. Virginia*, 388 U.S. 1, (1967)). Here, however, there has yet to be a deprivation of a constitutional right as the state court has not ordered Plaintiff to return to California. (*See* Doc. 3). In fact, Plaintiff only alleges that *Defendant* has "found" her to be incompliant with "an alleged court order of not being able to leave the state of California with [her] son." (*Id*. at 5).

The decision of custody modification being applied by a California state court, rather than an Arizona federal court, also bolsters a finding that this case implicates an important state interest. *Cook*, 879 F.3d at 1039. In California, a petitioner may seek an order from the Superior Court of California allowing them to relocate and change the parties' custody arrangement, and the trial court judge reviews this request under the best interest of the child standard. *See Mark T. v. Jamie Z.*, 124 Cal. Rptr. 3d 200, 210 (Cal. App. 2011) ("The court must decide de novo what physical custody arrangement would be in the child's best interests, *assuming that the requesting parent will relocate*") (emphasis in original); *see also id*. at 208 ("The trial court must . . . consider, among other factors, the effects of relocation on the 'best interest[s]' of the minor children, including the health, safety, and welfare of the children and the nature and amount of contact with both

parents."). California law 'allows a court to conduct a hearing based on the intention to move and make a custody order conditioned on the move being effectuated." *Id*. at 209 n.6. The decision to allow a parent to relocate, viewed under the best interest of the child standard and applied by the discretion of the sitting state court judge, is undoubtably an "important state interest." *See Cook*, 879 F.3d at 1039.

### 4. Adequate Opportunity to Raise Constitutional Challenges

The fourth condition is met here as well. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Plaintiff has not alleged, much less shown, that there are any "procedural bars to raising h[er] constitutional claims in the State Action." *Id*. (explaining that the federal plaintiff bears the burden of showing "that state procedural law barred presentation of [his] claims" (quoting *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 14 (1987))). "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Absent any authority or evidence to the contrary, the Court assumes that the California Superior Court will afford Plaintiff an adequate forum to address her constitutional challenges.

### 5. Practical Effect of the Action & *Younger* Exceptions

Finally, if the above threshold elements are met, the reviewing court should address "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Rynearson*, 903 F.3d at 924–25. Review by this court would not only have the "practical effect" of enjoining the state court proceedings, it would enjoin them, as that is precisely what Plaintiff requests in her Complaint and Request for Injunction. (*See* Doc. 1 at 5 (Plaintiff is seeking "[p]rotection from having to leave the state of Arizona with my children.")).

No exceptions to *Younger* abstention apply here either, such as whether "bad faith, harassment or some other extraordinary circumstances" in the state proceedings makes abstention inappropriate. *See Kenneally*, 967 F.2d at 332. None of these exceptions are

present or alleged. Instead, Plaintiff alleges that Defendant is forcing her to return to California, in violation of her rights. (Doc. 1 at 9). She also asserts that Defendant has threatened to have her son "apprehended" and brought back to California. (*Id.* at 10). These allegations do not meet any of the *Younger* exceptions but instead cement the conclusion that this action should be left for the California Superior Court to adjudicate.

Thus, since the *Younger* abstention requirements are satisfied, the Court cannot refuse to abstain and must dismiss this action. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). Because the action must be dismissed, the Court must also decide whether to allow Plaintiff leave to amend her Complaint.

### III.   Leave to Amend

Unless it is "'absolutely clear' that [Plaintiffs] could not cure [the Complaint's] deficiencies by amendment," the Court will give them the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his/her complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires"). From the above, it is clear that Plaintiff could not cure the Complaint's deficiencies until the California Superior Court orders her to return to California. Thus, the Court will not allow Plaintiff to amend her Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint and Request for Injunction (Doc. 1) is **dismissed with prejudice**. Her Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) and Request for Ex Parte Hearing (Doc. 4) are therefore **denied as moot.**

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** directed in the Clerk of Court to terminate this matter.

Dated this 22nd day of April, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge